IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ME2 Productions, Inc.,

    Plaintiff,

  v.                                Case No. 2:16-cv-1062

John Funtes, et al.,

    Defendants.

## ORDER

Plaintiff has filed a motion for default judgment against defendants Jessica Murphy and Christopher Henslee. See Doc. 55. As to each of these defendants, plaintiff seeks statutory damages for copyright infringement in the amount of $15,000, and attorney fees in the amount of $962.50. Defendants did not respond to the motion.

On July 25, 2017, an order was filed directing plaintiff to submit any additional information it had concerning the circumstances of the violations within fourteen days. On August 10, 2017, plaintiff filed a declaration supported by records from MaverickEye which indicated that defendant Murphy shared one version of the film at least eight times and another unauthorized version of the film eight times, and that defendant Henslee shared the film forty-six times. However, no information has been submitted as to whether this sharing occurred automatically through the BitTorrent or Torrent network.

The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement. 17 U.S.C. §504(a) - (c). Statutory damages for each individual act of infringement range from $750 to $30,000. 17 U.S.C. §504(c)(1).

Where the copyright owner establishes willful infringement, the court may increase the award of statutory damages up to a maximum of $150,000 per infringement. 17 U.S.C. §504(c)(2).

"The Court has substantial discretion to set statutory damages within the permitted range, but it is not without guidance." Broadcast Music, Inc. v. H.S.I., Inc., No. C2-06-482, 2007 WL 4207901 at *4 (S.D. Ohio Nov. 26, 2007). In ruling on the motion for default judgment, this court must determine whether the amount of statutory damages sought by plaintiff is reasonable. In doing so, the court considers: "'(1) whether [d]efendants' infringement was willful, knowing, or innocent; (2) [d]efendants' profit from the infringement; (3) [p]laintiffs' loss from infringement; and (4) determining future violations by [d]efendants and similarly situated entities.'" Broadcast Music, Inc. v. 4737 Dixie Highway, LLC, No. 1:12-cv-506, 2012 WL 4794052 at *4 (S.D.Ohio Oct. 9, 2012)(quoting H.S.I., Inc., 2007 WL 4207901 at *4).

Although the entry of default has established a copyright infringement by defendants Murphy and Henslee, it is not necessarily the case that they were the original users who made plaintiff's work available to the public. The nature of BitTorrent is such that defendants likely would not have reaped any profit from their participation in the infringement of plaintiff's copyrights except for the price of a movie theater ticket or DVD that they saved by illegally downloading the emotion pictures. See AF Holdings, LLC v. Bossard, 976 F.Supp.2d 927, 931 (W.D. Mich 2013). There is no evidence that defendants profited from the infringement by using the film commercially. The court concludes that an award of statutory damages in the amount of $1,500 against

2

defendant Murphy and an award of statutory damages in the amount of $1,500 against defendant Henslee will properly account for the defendants' gain, plaintiff's loss and the public's interest in deterring future violations.

Plaintiff also seeks attorney's fees in the amount of $962.50. "The grant of fees and costs 'is the rule rather than the exception and they should be awarded routinely.'" Bridgeport Music, Inc. v. WB Music Corp., 520 F.3d 588, 592 (6th Cir. 2008), quoting Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 380 (5th Cir. 2004)). The attorney's fees requested in this case are reasonable, and plaintiff is awarded $481.25 in attorney's fees as to defendant Murphy and $481.25 in attorney's fees as to defendant Henslee.

Plaintiff also seeks to enjoin defendants from directly or indirectly infringing its copyrighted work. The Copyright Act authorizes temporary or injunctive relief as a remedy for infringement "on such terms as [the court] may deem reasonable to prevent or restrain infringement fo a copyright." 17 U.S.C. §502(a). A showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction. Bridgeport Music, Inc. v. Justin Combs Pub., 507 F.3d 470, 492 (6th cir. 2007). Plaintiff has established past infringement by the defendants. Considering the nature of the BitTorrent system and the nature of the copyrighted work, plaintiff has sufficiently established a continuing threat to its copyright.

The court orders that a permanent injunction is entered against defendants Jessica Murphy and Christopher Henslee, as follows:

Defendants Jessica Murphy and Christopher Henslee are enjoined from directly or indirectly infringing plaintiff's rights in the motion picture Mechanic: Resurrection, including without limitation by using the Internet to reproduce or copy Mechanic: Resurrection, to distribute Mechanic: Resurrection, or to make Mechanic: Resurrection available for distribution to the public, except pursuant to a lawful license or with the express authority of the plaintiff.  Defendants Jessica Murphy and Christopher Henslee are also enjoined to destroy all copies of Mechanic: Resurrection that defendant Jessica Murphy and Christopher Henslee have downloaded or transferred, without plaintiff's authorization, onto any physical medium device in the defendants' possession, custody or control.

In accordance with the foregoing, plaintiff's motion for default judgment against defendants Jessica Murphy and Christopher Henslee (Doc. 55) is granted in part and denied in part.  The clerk shall enter default judgment in favor of plaintiff against defendants Jessica Murphy and Christopher Henslee in accordance with the foregoing.

Plaintiff has also filed a motion to dismiss with prejudice its claim against defendant David Brown, and to adopt the proposed consent restraining order.  The motion (Doc. 60) is granted.  The claim against David Brown is dismissed with prejudice.  The clerk is directed to file the proposed restraining order.

Date: August 24, 2017                     s/James L. Graham
                                    James L. Graham
                                    United States District Judge