IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ME2 PRODUCTIONS, INC.,

    Plaintiff,

                                      Case No. 2:17-cv-759
                                      Judge James L. Graham
    v.                              Magistrate Judge Elizabeth P. Deavers

JOE WALL,

    Defendant.


**ORDER, REPORT AND RECOMMENDATION, and CERTIFICATION OF FACTS**

Plaintiff ME2 Productions, Inc., brought this federal copyright action initially against fourteen John Doe Defendants. (ECF No. 1.) On August 25, 2017, the Court issued its Order severing Defendant John Wall, who is the only Defendant in this case. This matter is now before the Undersigned for a Report and Recommendation, General Order No. COL: 14-01(IV), and a Certification of Facts regarding contempt pursuant to 28 U.S.C. § 636(e)(6)(B). For the reasons that follow, it is **RECOMMENDED** that (1) that Timothy A. Shimko and Plaintiff ME2 Productions, Inc., be found in civil contempt and (2) that Plaintiff be ordered to pay Defendant's reasonable expenses incurred in connection with Defendant's attendance at the January 9, 2018, Preliminary Pretrial Conference (the "PPTC"). In addition, Defendant is **ORDERED** to submit an affidavit setting forth his reasonable expenses incurred in connection with his attendance at the PPTC.

## I. MAGISTRATE JUDGE'S AUTHORITY REGARDING CONTEMPT

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges. 28 U.S.C. § 636(e)(1) ("A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.") Section (e)(6)(B), which applies in civil cases where the parties have not consented to final judgment by the magistrate judge, provides as follows:

> **(6) Certification of other contempts to the district court**.—Upon the commission of any such act—
>
> \*   \*   \*
>
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
>
> > (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
> >
> > (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
> >
> > (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B) (emphasis in original).

Thus, a "magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge." *Euchlid Chem. Co. v. Ware*, No. 1:11-cv-135, 2013 WL 6632436, at *1 (S.D. Ohio Dec. 17, 2013) (collecting cases establishing the proposition). Such a certification "serves to determine whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt." *In re Warren Easterling Litigation*, No. 3:14-mc-11, 2014 WL 3895726, at *1 (S.D. Ohio Aug. 8, 2014) (internal quotation marks and citation omitted).

## II. CERTIFIED FACTS

Plaintiff ME2 Productions, Inc., brought this federal copyright action against fourteen John Doe Defendants on November 7, 2016. (ECF No. 1.) Simultaneously, Plaintiff filed its Motion for Discovery before Preliminary Conference, which the Court granted the next day. (ECF Nos. 3 &5.) On February 10, 2017, Plaintiff filed a motion to an extension of time in which to serve Defendants, which was granted by the Court on February 13, 2017. (ECF Nos. 6 & 10.) On February 16, 2017, Plaintiff filed its Request for Issuance of Summons with respect to thirteen Defendants, and the Clerk's Office issued them the same day. (ECF Nos. 11 & 12.) Plaintiff first served a Defendant in this matter on March 15, 2017. (ECF No. 15.) Between February and August 2017, Plaintiff obtained service on nine Defendants, reached settlement with five of them and moved for default judgment against two others. (ECF No. 61.) Plaintiff failed to serve four Defendants and could not identify John Doe Defendant #2. (*Id.*)

On April 5, 2017, Defendant Wall filed his Motion to Dismiss and Sever. (ECF No. 31.) On April 28, 2017, one week after its deadline to respond, Plaintiff filed its Motion for Extension of Time to respond to the severance Motion. (ECF No. 35.) Plaintiff stated that it needed additional time for the following reasons:

3

> Upon receipt of the motions by Plaintiff's counsel's office, the response deadlines were inadvertently recorded as thirty days from the date of filing, which is the local rule in the Northern District in Ohio. Additionally counsel's electronic file was mistakenly deleted and the backup could not be retrieved for several days. Upon retrieving the file on the evening of April 26, 2017, . . . it was realized that the opposition deadlines were not properly calendared and that Plaintiff had missed its time to respond.

(*Id*. at 2.) Court granted Plaintiff five additional days, and it filed its Response on May 3, 2017. (ECF Nos. 39 & 40.)

On August 25, 2017, the Court granted Defendant's Motion for Severance and directed Plaintiff to pay the required $400 filing fee by September 8, 2017, in order to properly prosecute its case against Defendant Wall. (ECF No. 66.) Plaintiff did not timely pay the filing fee. Instead, on September 12, 2017, four days after the Court's deadline, Plaintiff filed its Motion for Enlargement of Time in which to tender the filing fee. (ECF No. 67.) According to Plaintiff, it learned from the Clerk's office that electronic payment could not be accepted and that Plaintiff would have to pay by bank check or certified check in person or by regular mail. (*Id*. at 1.) According to Plaintiff, "[t]his was a complication that Plaintiff's counsel did not anticipate[,]" acknowledging that the payment deadline had already passed." (*Id*.) In its Order granting an extension of time to pay the filing fee, the Court observed:

> Plaintiff's Motion utterly fails to explain why it was unable to timely pay the filing fee. Paying by bank check or certified check is not an unanticipated "complication" that justifies Plaintiff's late Payment. If Plaintiff had contacted the Clerk's office on or around August 25, 2017, when the Court first advised that payment was due, Plaintiff would have had ample time to submit payment in person or by regular mail. Moreover, Plaintiff fails to even attempt to explain why it could not timely file its Motion for Enlargement of Time, which was filed four days after the payment deadline. Plaintiff's complete disregard of this case deadline—and this Court's Order (ECF No. 66)—is unacceptable.

(ECF No. 69 at 2.) Despite Plaintiff's dilatory prosecution of its case, the Court granted its Motion in the interests of judicial economy. (*Id*.)

This matter came before the Court for a PPTC on January 9, 2018 pursuant to proper notice. (ECF No. 70.) The Court's Notice indicated that the PPTC would be held in-person and provided that the PPTC could be held by telephone only by mutual agreement of the parties and their notification of the Court. (*Id.*) On January 5, 2018, Plaintiff's counsel contacted the Court and requested that the PPTC be held telephonically because he failed to calendar the date and would be out of the country on vacation. The Court directed Plaintiff's counsel to either obtain consent from Defendant Wall, who is proceeding *pro se* in this matter, or to appear in-person as stated in the Court's Notice. The same day, Plaintiff filed an Unopposed Motion for Order to Change CMC to Telephone Conference. (ECF No. 71.) Although styled as unopposed, Plaintiff acknowledges in its memorandum that it failed to reach Defendant and did not receive consent before filing its Motion. (*Id.*) The Court did not grant Plaintiff's Motion.

On January 9, 2018, Defendant timely appeared and was prepared to participate in the PPTC. Counsel for Plaintiff, however, failed to appear and, instead, attempted to participate telephonically. When directed to explain his actions, Plaintiff's counsel indicated that he failed to track the dates noticed by this Court and chose to leave the country on vacation rather than appear as directed or procure the necessary consent of Defendant. Plaintiff's counsel indicated that he would not be available to participate in a conference until March 1, 2018, because of his vacation.

On January 10, 2018, the Undersigned ordered Plaintiff to show cause why the Court should not dismiss this case for failure to prosecute and assess reasonable costs to reimburse Defendant for his attendance and participation in the PPTC. (ECF No. 72.) In response, Mr. Shimko claims that, when he contacted the Court on January 5, 2018, he was advised to

> call the Defendant to see if I could get his consent to convert the initial conference to a telephone conference and then to file a motion. At that time, I was not told to

5

> appear, and I was not told not to appear. I was not made to believe that the motion to convert the conference to a telephone conference would not be well taken by the Court. After the call with the Court ended, I proceeded to call the Defendant and left a message. I then immediately filed a motion on January 5, 2018 as instructed by the Court's staff.

(ECF No. 73 at 2.) Plaintiff's counsel also blames Defendant for his failure to complete a Rule 26(f) report, asserting that Defendant's failure to contact him caused his failure to comply with the Court's Orders. (*Id.*)

### III. ANALYSIS

The failure of Plaintiff and Mr. Shimko to comply with the Court's Order to appear at the PPTC in person constitutes disobedience of lawful court orders and thus amounts to contempt. The Court has inherent authority to assure compliance with its orders through civil contempt. *S.E.C. v. Dollar Gen. Corp.*, 378 Fed. Appx. 511, 516 (6th Cir. 2010) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *see also* Fed. R. Civ. P. 37(b)(2)(A)(vii) (permitting a court to hold in contempt a party—or the party's officer, director, or managing agent—if the party fails to comply with the court's discovery order). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party who has disobeyed a court order may be held in civil contempt if it is shown, by clear and convincing evidence, that the party "violated a definite and specific order of the court requiring [him or her or it] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quotation omitted). Once a *prima facie* case of contempt is established, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently*

unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The Court must also assess whether the defendant "'took all reasonable steps within [its] power to comply with the court's order.'" *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

In the instant action, the record reflects that, although Mr. Shimko and Plaintiff have received adequate notice of the Court's December 1, 2017, Notice of Hearing (ECF No. 70), they chose to ignore the Court's order that counsel appear in person. In addition, Mr. Shimko and Plaintiff have offered no evidence that they were unable to comply with this Order. Instead, Plaintiff's counsel has engaged in another round of blame-shifting and mischaracterization of the factual record. Mr. Shimko's account of his interaction with Court staff is directly contrary to the Court's memorialization of his January 5, 2018, phone call. (ECF Nos. 72 at 3 & 73 at 1-2.) Mr. Shimko's attempt to put the onus for following the Court's Orders upon Court personnel is not well-taken, and his disingenuous use of the passive voice to portray himself as an unwitting victim is unbecoming a member of the federal bar. (ECF No. 73 at 1 ("At that time, I was not told to appear, and I was not told not to appear.").) Moreover, the Court never granted his Motion to appear by telephone, leaving the December 1, 2017, Notice of Hearing to appear in person in effect. Notably, even if the Court had permitted Plaintiff's counsel to appear in person, nothing could be accomplished in terms of scheduling because Plaintiff had not submitted the requisite Report under Federal Rule of Civil Procedure 26(f).

The Court's December 1, 2017, Notice of Hearing is unambiguous: "If all parties agree, the parties may request that the conference be conducted by telephone." (ECF No. 70.) Despite

the misleading caption of Plaintiff's January 5, 2017, Motion, Plaintiff did not, in fact, obtain Defendant's agreement before filing his request. Mr. Shimko disregarded both the Court's Order and Court personnel's reiteration of that Order. Neither he nor Plaintiff had any basis to believe that their actions were even minimally compliant with the Court's explicit directions. The failure of Mr. Shimko and Plaintiff to comply with the Court's Order without any justification therefore constitutes contempt. Under these circumstances, the Undersigned finds that civil contempt sanctions, including monetary sanctions, are appropriate.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** (1) that Timothy A. Shimko and Plaintiff ME2 Productions be found in civil contempt and (2) that Plaintiff be ordered to pay Defendant's reasonable expenses incurred in connection with his attendance and participation in the January 9, 2018, PPTC. In addition, Defendant Wall is **ORDERED** to submit an affidavit setting forth his reasonable expenses, including lost wages and incidental expenses such as parking fees, incurred in connection with his attendance and participation in the January 9, 2018, PPTC.

The Clerk is **DIRECTED** to send a copy of this Order and Report and Recommendation to Joe Wall, 1266 Weybridge Rd, Columbus, OH 43220. The Clerk is **FURTHER DIRECTED** to indicate on the docket the fact of mailing.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report an recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waiver. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

Date: March 8, 2018         /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE